IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Anthony Cilwa and Christopher Cilwa, | ) | |
| | ) | Civil Action No. 7:16-cv-01301-TMC-JDA |
| Appellants, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| John K. Fort, *US Bankruptcy Trustee*, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

This matter is before the Court on an appeal of the orders of the United States Bankruptcy Court for the District of South Carolina ("the Bankruptcy Court"), dated April 15, 2016, granting a motion for summary judgment as to Anthony Cilwa ("Debtor") [Doc. 13-1] and Christopher Cilwa ("Debtor's Son") [Doc. 13-3] (collectively, "Appellants"). [Docs. 1; 4.] Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), D.S.C., all pretrial proceedings involving litigation by individuals proceeding pro se are referred to a United States Magistrate Judge for consideration.

Appellants filed a notice of appeal in the Bankruptcy Court on April 21, 2016 [Doc. 1-1], and the instant appellate case was opened in this Court on April 22, 2016. By Order of this Court, dated May 25, 2016, the parties were directed to file briefs. [Doc. 16.] Appellants filed their brief on June 21, 2016 [Doc. 18], Appellee John K. Fort ("Trustee")

filed his brief on July 8, 2016 [Doc. 20], and Appellants filed a reply brief on July 21, 2016 [Doc. 21].[1]  Accordingly, the matter is ripe for review.[2]

## BACKGROUND

Debtor filed a Chapter 7 bankruptcy case, No. 15-00263-hb, on January 18, 2015. [*See* Doc. 13-1 at 2.]  In May 2015, Bruce P. Kriegman ("Kriegman") filed an unsecured claim in the bankruptcy case in the amount of $376,781.02, arising from a lawsuit concerning Debtor's alleged involvement in a Ponzi scheme.[3]  [*See id.*]  On December 1, 2015, the Bankruptcy Court overruled Debtor's objection to Kriegman's claim and allowed the claim as filed.  [*See id.*]

Trustee initiated an adversary proceeding against Debtor and Debtor's Son, No. 15-80172-hb, for the benefit of creditors on September 14, 2015.  [*See id.*]  In the adversary proceeding, Trustee alleged that, after Debtor filed his bankruptcy case and without court authorization, Debtor sold property of the estate located in South Carolina and used proceeds from the sale to purchase another property in Florida, which Debtor subsequently

---

[1]Debtor's Son failed to sign either of Appellants' briefs [*see* Docs. 18; 21 (Appellants' briefs, including the "s/typed name" format for Debtor's Son)] despite being instructed to sign his full legal name written in his own handwriting [Doc. 7 at 2].

[2]The Court notes that Appellants filed a notice of motion filed with the Bankruptcy Court, notifying this Court that Debtor filed a motion to vacate judgment pursuant to Rule 60(b) in the Bankruptcy Court, which may affect this appeal.  [Doc. 24.]  However, the Bankruptcy Court denied Debtor's motion to vacate judgment on September 28, 2016.  [*In re Cilwa*, No. 15-00263-hb, Doc. 222.]

[3]Kriegman filed his claim solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC.  [*See* Doc. 13-1 at 2 n.3.]

transferred to Debtor's Son.  [*See id.*]  Trustee sought avoidance of the transfer and turnover of property.  [*See id.*]

Trustee filed a motion for summary judgment on January 15, 2016 [*see id.* at 4], and the Bankruptcy Court granted the motion as to Debtor [Doc. 13-1] and Debtor's Son [Doc. 13-3] on April 15, 2016.  The Bankruptcy Court ordered that (a) Debtor's post-petition transfer of his interest in the real property located at 1229 Sunset Lane, Anderson County, South Carolina 29624 ("the South Carolina Property") was an unauthorized post-petition transfer as described in 11 U.S.C. § 549 and Trustee is entitled to the turnover of the proceeds from the sale of Debtor's interest in the South Carolina Property; (b) pursuant to 11 U.S.C. § 549, the transfer of the real property located at 4920 Long Meadow Drive, Leesburg, Florida 24784 ("the Florida Property") from Debtor to Debtor's Son is avoided and Trustee is entitled to the turnover of any interest in the Florida Property that was transferred to Debtor's Son pursuant to 11 U.S.C. §§ 542 and 551; and (c) Trustee is entitled to the turnover of any interest Debtor holds in the Florida Property pursuant to 11 U.S.C. §§ 542 and 551.  In the instant proceeding, Appellants appeal the Bankruptcy Court's April 15, 2016, orders.  [Doc. 4.]

## **APPLICABLE LAW**

### **Liberal Construction of Pro Se Pleadings**

Appellants brought this  action pro se, which requires the Court to liberally construe their pleadings.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The mandated liberal construction means only that if the

court can reasonably read the pleadings to state a valid claim on which an appellant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the appellant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Review of Bankruptcy Order**

Under 28 U.S.C. § 158(a)(1), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy courts. On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while it reviews the conclusions of law de novo. *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enter., Inc.),* 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

## DISCUSSION

As an initial matter, the undersigned notes that Appellants have failed to provide any factual grounds or applicable legal authority as a basis to reverse the Bankruptcy Court's order. Instead, Appellants' brief consists primarily of unsupported conclusory statements. Out of an abundance of caution for the pro se Appellants, the undersigned has attempted to glean issues from Appellants' brief, and it appears Appellants argue that (1) there were no creditors in the underlying bankruptcy action and (2) the South Carolina Property was not property of the estate. Accordingly, the Court will address these issues.

4

First, Appellants appear to contend that there are no creditors. As an initial matter, the Bankruptcy Court overruled Debtor's objection to Kriegman's claim and allowed the claim as filed on December 1, 2015. [*See* Doc. 13-1 at 2.] Thus, any attempt to appeal that Order is untimely. *See* Fed. R. Bank. P. 8002(a)(1) ("Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."). Moreover, in addressing this argument, the Bankruptcy Court noted that its

> record includes Kriegman's proof of claim, asserting an unsecured claim in the amount of $376,781.02, with supporting documentation attached. The record also includes an order from [the Bankruptcy] Court that found as a fact that Kriegman presented *prima facie* evidence of the validity and amount of the claim pursuant to Fed. R. Bankr. P. 3001(f) and ample information about the history of the relationship between Kriegman and Debtor and the basis for Kriegman's claim. This order also found that Debtor's objections to Kriegman's claim were deficient in fact and legal theory and failed to provide any supporting facts or law to call into question the validity or amount of Kriegman's claim. Thereafter, the [Bankruptcy] Court denied Debtor's motion to reconsider or vacate the prior order allowing Kriegman's proof of claim.

[Doc. 13-1 at 6.] Similarly, here, Appellants have failed to provide any factual grounds or applicable legal authority as a basis to reverse the Bankruptcy Court's orders.

Next, Appellants appear to contend the South Carolina property was not property of the estate because Debtor held only a life estate in the property. As an initial matter, this argument apparently was not raised to the Bankruptcy Court. [*See id.* at 5 (setting forth as undisputed facts that the South Carolina property was conveyed to Debtor's Son on March 21, 2013, and a life estate interest was provided for Debtor and his wife).] To the extent this issue was not raised in the Bankruptcy Court, it "cannot be raised on appeal . . . absent

'exceptional circumstances.'" *Hancock v. Renshaw*, 421 B.R. 738, 740 n.1 (Bankr. M.D.N.C. 2009); *see also In re Sokolik*, 635 F.3d 261, 268 (7th Cir. 2011) ("[W]hen an issue was not raised in the bankruptcy court, a finding that the issue is waived at the district court level is 'the correct result, since to find otherwise would permit a litigant simply to bypass the bankruptcy court.'" (citation omitted)).  Moreover, a life estate is "a present interest that terminates on the death of an individual who serves as the governing life."  Restatement (Third) of Property § 24.5.  Thus, a life estate "is a fractional interest in property."  *In re Peirce*, 483 B.R. 368, 375 (Bankr.  D. Mass. 2012).  Accordingly, the Court finds no basis to reverse the Bankruptcy Court's finding that the South Carolina property was property of the estate.  *Cf. Winters v. George Mason Bank*, 94 F.3d 130, 134 (4th Cir. 1996) ("Most courts find that the debtor's interest in property jointly held by a nondebtor becomes property of the estate upon the filing of the bankruptcy petition, but that the nondebtor's interest is not property of the estate.").

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the Bankruptcy Court's April 15, 2016, orders be AFFIRMED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 21, 2016
Greenville, South Carolina