IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Anthony Cilwa and Christopher Cilwa, ) | |
| ) | C/A No. 7:16-1301-TMC |
| Appellants, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| John K. Fort, U.S. Bankruptcy Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |

Appellants Anthony Cilwa ("Debtor") and Christopher Cilwa, proceeding pro se, filed this action seeking to appeal orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On November 21, 2016, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that the court affirm the April 15, 2016 Orders of the Bankruptcy Court. (ECF No. 25). On December 2, 2016, Appellants timely filed objections to the Report (ECF No. 33), and Appellee John K. Fort, United States Bankruptcy Trustee ("Fort") has responded to those objections (ECF No. 35). Accordingly, this matter is now ripe for review.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for

clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Court, a district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

## Discussion

The Magistrate Judge accurately sets forth the procedural history and background in her Report. Briefly, Debtor filed for Chapter 7 bankruptcy in January 2015. In May 2015, Bruce P. Kriegman filed an unsecured claim for $376,781.02 in the bankruptcy action. Debtor objected to the claim. The Bankruptcy Court gave Debtor until November 30, 2015, to file a Statement of Dispute in support of his objection. (ECF No. 35-5). Debtor failed to file a Statement of Dispute, and accordingly on December 1, 2015, the Bankruptcy Court allowed the claim. (ECF No. 35-6). The Trustee filed an adversary proceeding in which he alleged that Debtor had sold property located in South Carolina without the Bankruptcy Court's authorization and used the proceeds to buy property in Florida which he subsequently transferred to his son, Christopher Cilwa. The Trustee sought to avoid the transfer. The Trustee filed for summary judgment motion in the adversary proceeding which the Bankruptcy Court granted on April 15, 2016. (ECF Nos. 13-1 and 2). Appellants Debtor and his son are appealing the Bankruptcy Court's orders.

The Magistrate Judge found that the appeal was untimely. (Report at 5). Additionally, the Magistrate Judge found that Appellants have failed to set forth any grounds for reversal. (Report at 5-6). Accordingly, the Magistrate Judge recommended that the court affirm the Bankruptcy Court's Orders. Appellants' objections in their entirety state: "The debt has never been proven with cancelled checks, bank drafts or bank statements OR a trial." (ECF No. 33). Appellants attached a document to their objections, which appears to be a letter addressed to the court seeking validation of the debt and

threatening legal action for Fair Debt Collection Practices Act claims if the claims are not validated. (ECF No. 33-1). In his Reply, Fort argues Appellants' objections should be overruled and he provides copies of the proof of claim and the Bankruptcy Court's orders. (ECF No. 35).

The court notes that it appears that Appellants are arguing that the Bankruptcy Court erred in allowing the claim in its December 1, 2015 Order. To the extent that Appellants are appealing the December 1, 2015 Order, the court agrees with the Magistrate Judge that such an appeal is untimely. Generally, a party wishing to appeal a bankruptcy court order must do so within fourteen days of the entry of the order being appealed. Fed. R. Bankr. P. 8002(a). This rule is jurisdictional and must be strictly construed. *Smith v. Dairymen, Inc.*, 790 F.2d 1107 (4th Cir. 1986)); *Ballard v. Tamojira, Inc.*, 1997 WL 33062 (4th Cir. 1997)). Appellants had fourteen days after the Bankruptcy Court entered its December 1, 2015 Order to file an appeal. Appellants filed this appeal on April 21, 2016. (ECF No. 1). Accordingly, any attempt to appeal the December 1, 2015 Order is untimely.

Additionally, as the Magistrate Judge determined, Appellants did not provide any grounds in their brief for the court to reverse the April 15, 2016 Orders. Moreover, as set forth above, Appellants' objections in their entirety state: "The debt has never been proven with cancelled checks, bank drafts or bank statements OR a trial." (ECF No. 33).

The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. *See generally In re Harford Sands Inc.*, 372 F.3d 637 (4th Cir. 2004). The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. *In re Falwell*, 434 B.R. 779, 783 (Bankr.W.D.Va. 2009). The burden then shifts to the debtor to object to the claim and introduce evidence to rebut the claim's presumptive validity *Hartford Sands*, 372 F.3d at 640. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. *Id.*

In this case, Debtor has produced no evidence to negate the prima facie validity of the claim. A mere assertion that a claim is invalid is insufficient to overcome the presumption of validity in favor of

the claim. *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992) (holding that objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency). Accordingly, the court agrees with the Magistrate Judge, Debtor has not presented any basis for reversing the Bankruptcy Court.

As for Appellants' letter attached to their objections and references to violations of the Fair Debt Collection Practices Act ("FDCPA"), the court is unsure exactly to whom the letter is addressed or what Appellants are attempting to claim. In any event, it appears a majority of courts that have considered whether a proof of claim may be the subject of a FDCPA violation have concluded the FDCPA is not intended to provide a remedy for claims filed in a bankruptcy proceeding. *Adair v. Sherman*, 230 F.3d 890, 895-96 (7th Cir. 2000); *Diamante v. Solomon & Solomon, P.C.*, C/A No. 1:99CV1339, 2001 WL 1217226, at *4-6 (N.D.N.Y. Sept.18, 2001); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, C/A No. 98-C-4280, 1999 WL 284788, at *4-6 (N.D.Ill. Apr.26, 1999); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 813-14 (N.D.Ill.1999); *Gilliland v. Capital One Bank (In re Gilliland)*, 386 B.R. 622, 623-24 (Bankr.N.D.Miss.2008); *Cooper v. Litton Loan Serv'g (In re Cooper)*, 253 B.R. 286, 291 (Bankr.N.D.Fla. 2000). *But see Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 820-21 (C.D.Cal. 2000) (finding that Bankruptcy Code does not preempt FDCPA).

Based on the foregoing, the court overrules Appellants' objections, and after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court adopts the Report (ECF No. 25). Accordingly, the court **AFFIRMS** the final orders entered by the United States Bankruptcy Court for the District of South Carolina on April 15, 2016 (ECF Nos. 13-1 and 13-3).

**IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                        United States District Judge

Anderson, South Carolina
December 22, 2016

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.